IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIOVANNI LARA, | : | CIVIL ACTION NO. **4:CV-06-0650** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewit) |
| JOSEPH SMITH, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Petitioner, Giovanni Lara, an inmate at the United States Penitentiary at Lewisburg, Lewisburg, Pennsylvania, ("USP-Lewisburg") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 29, 2006. (Doc. 1).[1] Petitioner also filed a supporting Memorandum along with his Petition, as well as a support Affidavit. (Docs. 3 & 4). Petitioner filed an *in forma pauperis* request (Doc. 6), but on April 5, 2006, he paid the filing fee. (Doc. 7).

We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]

---

[1] Petitioner Lara previously filed a § 2241 habeas petition with this Court on November 17, 2004, Civil No. 04-2491, M.D. Pa. In the previous petition, Petitioner claimed that the sentencing court imposed an illegal restitution order. This Court construed Petitioner's action as a petition for writ of *coram nobis* and transferred the petition to the sentencing court, *i.e.* the District Court of Rhode Island.

[2] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**I. Background**.

Since we stated Petitioner's background in our Report and Recommendation in his prior case (Civil No. 04-2491), we repeat it as follows:

The Petitioner, after a jury trial, states that he was convicted in the United States District Court for the District of Rhode Island of car jacking, in violation of 18 U.S.C. § 2119, and witness intimidation, in violation of 18 U.S.C. § 1512. The Petitioner states that he was acquitted of various RICO related offenses, including racketeering in violation of 21 U.S.C. § 1962 (c), conspiracy to commit racketeering, in violation of 21 U.S.C. § 1962(d), murder in aid of racketeering, § 1959, and possession of a firearm during the course of a violent crime, § 924(c). (Doc. 1(#04-2491), p. 3 & Doc. 2, Memorandum at pp. 2-3). *See* 181 F.3d 183 (1st Cir 1999), *cert. denied*, 528 U.S. 979 (1999).

On October 9, 1997, Petitioner was sentenced to life imprisonment on the car jacking conviction and was sentenced to 10 years imprisonment on the conviction for witness intimidation, § 1512(b)(3), to run concurrent with the car jacking sentence. Petitioner was also ordered to pay $234,000 restitution jointly and severally with a co-defendant. (*Id*.). Petitioner directly appealed his judgment and conviction to the United States Court of Appeals for the First Circuit, and his judgment of conviction was affirmed on June 30, 1999. (*Id*.). *See* 181 F.3d 183.

Subsequently, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District Court. (*Id)*. The District Court denied Petitioner's § 2255 motion on December 4, 2001. (*Id*.). Petitioner appealed, and the First Circuit Court of Appeals affirmed the District Court's

Order on May 28, 2002.[3]  The Petitioner then filed a Petition for Writ of Habeas Corpus in the Middle District of Pennsylvania on November 17, 2004.  (Doc. 1, case # 04-2491).  In his prior action, Civil No. 04-2491, Petitioner was not seeking to challenge the legality of his sentence or his right to be released from confinement.  Rather, he asserted a claim that the sentencing court imposed an illegal restitution order, and he claimed that § 2255 was ineffective and could not be utilized to address his claim as it did not pertain to "his right to be released." (*Id*. at pp. 4-6 & Doc. 2, p. 3, case # 04-2491).  Petitioner argued that he was directed to pay restitution under the wrong statute, *i.e.* his restitution was ordered under the Mandatory Victim Restitution Act ("MVRA") instead of the Victim Witness Protection Act ("VWPA"), that the sentencing court did not make the factual findings required to impose restitution under 18 U.S.C. § 3663(a).  (*Id.*, p. 4 & Doc. 2, pp. 3-6, Civil No. 04-2491).  Petitioner also claimed that his trial and appellate counsel were ineffective for failing to object to and challenge on appeal his restitution order as illegal.

As stated, this Court construed Petitioner's claims in Civil No. 04-2491 as properly brought under a petition for writ of *coram nobis* and transferred this case to the Rhode Island District Court. Petitioner, in his current petition, indicates that his writ of *coram nobis* was denied by the Rhode Island District Court on January 20, 2006.  (Doc. 1, p. 5, Civil No. 06-0650).

Petitioner frames his current habeas claim as a Fifth Amendment due process claim and states that he was denied a jury that represented a fair cross-section of the community at his Rhode Island District Court criminal trial, over eight (8) years ago, and that the necessary statistical

---

[3]Petitioner also indicated that he filed a Request for certificate of appealability with the First Circuit Appeals Court and that it was denied on May 28, 2002. (Doc. 1, p. 6, Civil No. 04-2491).  *See also* Doc. 1, pp. 2-5, case # 06-0650.

information which supports his claim was not previously affordable or available to him.  (Doc. 1, p. 6, case # 06-0650).[4]  Petitioner raised his present claim in a pre-trial motion before the Rhode Island District Court *via* a Motion to Dismiss the Indictment or to Stay Impanelment of Petit Jury, which was denied on November 13, 1996.  (Doc. 3, p. 3).  Petitioner also raised this claim in his direct appeal to the First Circuit Court of Appeals, but Petitioner states that this Court stated, in rejecting the claim, that it was "[m]ere guesswork" to assert that a fair cross-section of the community claim without having any statistics to establish under-representation of a distinctive group or that the distinctive group was systematically excluded.  (*Id.*, p. 3-4 & Doc. 4, p. 2).  *See also* 181 F. 3d at 192.[5]  Petitioner claims that the Rhode Island District Court and the Court of Appeals violated his due process rights by denying his motions without conducting a full and fair hearing of his claim that his criminal jury pool was not comprised of a fair cross-section of the community, and by not dismissing his indictment. (Doc. 4,p. 2).[6]

Petitioner states after his conviction, he filed a § 2255 motion, and that during his § 2255 proceedings, "he was informed by his counsel that the statistics necessary to remove 'guesswork'

---

[4]The documents referenced below are all filed in the present case, No. 06-0650.

[5]The First Circuit Court of Appeals considered Petitioner's fair cross-section claim and found that Petitioner's evidence "offers no reason to believe that any systematic exclusion of Hispanics occurred in the selection process, let alone that it caused any material underrepresentation."  The Appeals Court found that Petitioner's "proffer does not identify any systematic shortcoming or operational deficiency that would tend to lessen Hispanic representation . . . " *U.S. v. Lara*, 181 F.3d at 192.  Thus, the Appeals Court considered Petitioner's fair cross-section claim on its merits.

[6]Petitioner also presently raises a Sixth Amendment claim of ineffective assistance of counsel.   Doc. 1, p. 1.

as to his fair cross-section of the community jury claim would cost $29,000.00, and would not be ready until after the due date of his initial § 2255." (*Id*.). Petitioner attaches an October 31, 2003 affidavit of Edward Onge who avers that he represented Petitioner on his § 2255 motion, and avers that he did not raise a fair cross-section of the jury claim in the § 2255 motion because the federal census bureau only conducts a census every 10 years and the package would cost $29,000 when concluded. (Doc. 4, attachment). Onge concludes that it would have been futile to raise this claim in Petitioner's § 2255 motion without supporting statistics. In his current Memorandum, Petitioner cites to Onge's 2003 affidavit and asserts that it would have been futile to raise his fair cross-section of the community jury claim in his § 2255 motion without the supporting statistics. (Doc. 3, p. 4). However, Petitioner states that he now possesses census statistics to support his claim which he obtained through the Self-Help Prisoner's Legal Clinic. (*Id*.). We find that the remedy for Petitioner is to file a motion with the First Circuit Court of Appeals to file a successive § 2255 motion, and indicate to the Appeals Court that he now has census statistics which he believes supports his stated claim. Petitioner's remedy is not a § 2241 habeas petition.

In fact, Petitioner states that after he received the census statistic information, in April 2004, he filed a motion for relief from judgement pursuant to Fed. R. Civ. P. 60(b) with the trial court. Petitioner then states as follows:

> In that motion he claimed that the jury selection process at his underlying trial was conducted in violation of the Jury Selection and Service Act, 28 U.S.C. § 1861 and his rights under the Sixth Amendment. This motion was supported with the census statistics that Petitioner ultimately obtained through the Self-Help Prisoner's Legal Clinic, a non-profit organization. (See, Petitioner's Affidavit). The district court denied the motion, noting that "There is nothing in the record to indicate that Petitioner obtained

5

> authorization from the appropriate court of appeals pursuant to
> Section 2255, paragraph 8 and § 2244(b)(3). Absent such
> authorization, this Court is without jurisdiction to consider the
> motion." (Memorandum and Order, at 5, dated August 15, 2005).

(Doc. 3, pp. 4-5).

While Petitioner indicated that in August 2005, the Rhode Island District Court, in denying his Rule 60(b) motion advised him that he must seek permission from the appeals court to file a successive § 2255 motion (*Id*. & Doc. 1, p. 5), there is no indication that Petitioner ever filed a motion with the First Circuit Court of Appeals under § 2244(b)(3). Rather, Petitioner filed the present habeas petition with this Court in March 2006, seeking this Court to grant him an evidentiary hearing so that he can present his statistical information that was not available to him when he filed his § 2255 motion, and prove that the Grand Jury that indicted him and that the jury that heard his criminal trial were impaneled from an improper jury list that did not represent a fair cross-section of the community. (Doc 4, p. 3). Again, we find that Petitioner's recourse is to file a motion with the appeals court under § 2244(b)(3) to seek permission to file a successive § 2255 motion. The fact that Petitioner must proceed to seek permission to file a successive § 2255 motion does not render this section ineffective or unavailable to him, allowing him to file a §2241 habeas petition.

After the Rhode Island District Court denied Petitioner's Rule 60 (b) motion and advised him that he must obtain permission from the appeals court to file a successive § 2255 motion, Petitioner concludes as follows:

> In short, Petitioner has not been given a full and fair
> hearing on his constitutional claim of discriminatory exclusion.
> Petitioner did act with due diligence in filing the instant claim,

6

> that was not mentioned in his previously filed § 2255 motion.
> Again, Petitioner and his family did not have the resources to pay
> $29,000.00 and the statistics necessary for a properly raised
> claim were not available in a timely fashion. Petitioner lacking
> knowledge in procedural law, filed a Rule 60(b) motion and did
> not in any way attempt to circumvent the gatekeeping requirements
> of the AEDPA, under 28 U.S.C. § 2244.

(Doc. 3, p. 5).

Regardless of Petitioner's explanation, the simple fact remains that after he was advised by the Rhode Island District Court that he must seek permission from the appeals court to file a successive § 2255 motion to present his fair cross-section jury claim with his census information as support, Petitioner did not follow this procedure, and instead filed the instant habeas petition with this Court. (*Id*.).

We find that, even if the statistical information is now available to Petitioner over eight (8) years after his judgment of conviction and over six (6) years after his conviction was affirmed, his recourse, as he was advised by the Rhode Island District Court in its August 2005 Order, is to seek permission to file a successive § 2255 motion with the First Circuit appellate court.[7]

**II. Discussion.**

Petitioner has previously filed a Section 2255 motion to vacate his sentence, which was denied by the District Court, and the denial was affirmed by the First Circuit Court of Appeals. Petitioner did not raise his current fair cross-section of the community jury claim in his prior § 2255 motion since he states that he did not have the census statistics available to him at that time to

---

[7]As stated above, Petitioner indicates that he had the census statistic information to support his present claim in April 2004. (Doc. 3, p. 4). This was almost two years before Petitioner filed his present Habeas Petition.

support his claim, and that it would have been futile to try and raise this claim without the supporting information. (Doc. 3, p. 4). Petitioner then obtained the census statistics which he believes would support his claim, and filed a motion under Rule 60(b) with this information with the trial court. The trial court denied Petitioner's motion and instructed Petitioner that the way to proceed was for him to file a motion under § 2244(b)(3) with the appeals court for permission to file a successive §2255 motion to present his census statistics with his jury claim. However, Petitioner did not heed this advice, and instead filed the present Habeas Petition with this Court under § 2241. Petitioner cannot claim lack of knowledge of procedural law since he has been advised as to how to proceed by the Rhode Island District Court in its August 2005 Memo and Order. We again advise him that he must seek permission from the First Circuit Court of Appeals to file a successive § 2255 motion so that he can present his census statistics to support his jury claim.

As stated, after the Rhode Island District Court denied his Rule 60(b) motion, he then filed a Habeas Petition pursuant to 28 U.S.C. §2241 with this Court, arguing that Section 2255 is inadequate and ineffective based on the fact that he could not raise his fair cross-section of the community jury claim in his prior § 2255 motion since he did not have the census statistics to support this claim when he field his § 2255 motion. As discussed, this does not render §2255 as either inadequate or ineffective for Petitioner to raise his current claim. Moreover, the mere fact that Petitioner previously filed a § 2255 motion and now must seek permission from the appeals court to file a successive § 2255 motion does not make this remedy inadequate or ineffective. Petitioner's fair cross- section of the community jury claim is clearly a claim that can be presented

in a § 2255 motion.

The Court in *U.S. v. Weaver*, 267 F. 3d 231, 235-237 (3d Cir. 2001), where inmate raised jury claim in direct appeal of his judgment of conviction, stated:

> Weaver challenges his conviction on the grounds that he was denied his right to a jury drawn from a fair cross section of the community as required by the Sixth Amendment's fair cross section provision [FN1] and the Jury Selection and Service Act of 1968, which codifies the Sixth Amendment right. He argues that the pool from which his jury was selected underrepresented African-Americans and Hispanics due to its exclusive reliance on voter registration lists.
>
> FN1. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a .... trial[ ] by an impartial jury of the State and district wherein the crime shall have been committed...." U.S. Const. Amend. VI.
>
> "[T]he American concept of the jury trial contemplates a jury drawn from a fair cross section of the community.... [I]t is part of the established tradition in the use of juries as instruments of public justice that the jury be a body truly representative of the community." *Taylor v. Louisiana*, 419 U.S. 522, 527, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) (internal quotation marks omitted). This requirement of a fair cross section is not without substantial limits--it does not guarantee that juries be "of any particular composition." *Id.* at 538, 95 S.Ct. 692. All that is required is that "the jury wheels, pools of names, panels, or venires from which juries are drawn *must not systematically exclude distinctive groups in the community* and thereby fail to be reasonably representative thereof." *Id.* (emphasis added). The objectives of the fair cross section requirement include avoiding "the possibility that the composition of the juries would be arbitrarily skewed in such a way as to deny criminal defendants the benefit of the common-sense judgment of the community" and avoiding the "appearance of unfairness" that would result from excluding "large groups of individuals, not on the basis of their ability to serve as jurors, but on the basis of some immutable characteristic such as race, gender or ethnic background." *Lockhart v. McCree,* 476 U.S. 162, 175, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).

The *Weaver* Court further stated at 237 that:

> In order to establish a prima facie violation of the fair cross section requirement of the Sixth Amendment and the Act, the defendant must demonstrate: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in jury venires is not "fair and reasonable" in relation to the number of such persons in the community; and (3) the underrepresentation is caused by the "systematic exclusion of the group in the jury selection process." *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). A defendant need not show discriminatory intent. *See id.* at 368 n. 26, 99 S.Ct. 664 ("In contrast [to an Equal Protection claim], in Sixth Amendment fair cross-section cases, systematic disproportion itself demonstrates an infringement of the defendant's interest in a jury chosen from a fair community cross section.") And, "once a defendant has made a prima facie showing of an infringement of his constitutional right to a jury drawn from a fair cross section of the community, it is the State that bears the burden of justifying this infringement by showing attainment of a fair cross section to be incompatible with a significant state interest." *Id.* at 368, 99 S.Ct. 664

Other Courts have considered similar claims and have found that a motion for new trial or a §2255 motion was the correct way to challenge the jury as systematically excluding minorities from the jury pool or as not being selected from a fair cross-section of the community. *See U.S. v. Odiodio,* 2005 WL 2990906 (N.D. Tex. 2005)(Court held that claim that counsel was ineffective for not contesting grand jury array because it was not selected from a fair cross-section of the community was properly brought under § 2255 and not § 2241); *U.S. v. Weaver,* 267 F. 3d 231, 235-237 (3d Cir. 2001)(inmate raised fair cross-section jury claim in direct appeal of his judgment of conviction). *See also U.S. v. Traficant*, 209 F. Supp. 2d 764 (N.D. Ohio 2002)(District Court held that fair cross-section jury claim should be raised before voir dire as required by 28 U.S.C. § 1867(a) [Jury Selection and Service Act, 28 U.S.C. § 1861, *et seq*.], but considered it in motion for new trial

under Fed. R. Crim. P. 33 and 34); *U.S. v. Jackson*, 46 F. 3d 1240 (2d Cir. 1995)(federal inmate raised fair cross-section of jury claim in appeal of his judgment of conviction to Second Circuit Court of Appeals); *U.S. v. Greene*, 971 F. Supp. 1117 (E.D. Mich. 1997)(after defendant was convicted of bank robbery, he moved for new trial claiming violation of right to trial by jury drawn from fair cross-section of community); *U.S. v. Rodriguez-Lara*, 421 F. 3d 932 (9th Cir. 2005) (defendant alien was convicted in federal court of reentry after deportation and filed appeal of judgment of conviction to Ninth Circuit Court of Appeals, claiming in part violation of right to trial by jury drawn from fair-cross section of community).

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162

(9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ."  *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.  The Third Circuit recently stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (Citation omitted).  Clearly, the claim Petitioner presents in this Petition, challenging the jury in his grand jury proceeding and his jury at trial as being chosen from a pool that systematically excluded minorities and as not being a fair cross-section of the community, and seeking this Court t grant him an evidentiary hearing and presumably vacate his conviction[8] and order a new trial, is within the purview of §2255.

As this Court stated in *Brown v. Mendez,*167 F.Supp.2d 723, 726 (M.D. Pa., 2001) :

> Indeed, "the usual avenue for federal prisoners seeking
> to challenge the legality of their confinement" is a § 2255 motion
> in the sentencing court. [FN6] *In re Dorsainvil,* 119 F.3d 245, 249

---

[8]Petitioner requests the court to hold an evidentiary  hearing on his claim and if successful, seemingly to vacate his judgement of conviction and order a new trial with a representative jury. (Doc. 4, p. 3).

12

(3d Cir.1997). As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge,* 463 F.2d 1194, 1195 (3d Cir.), *cert. denied,* 409 U.S. 1046, 93 S.Ct. 546, 34 L.Ed.2d 497 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.' " *Myers v. Booker,* 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996)).

FN6. 28 U.S.C. § 2255, in pertinent part, provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.* (Emphasis added.)

The underlined part of the statutory language is sometimes referred to as § 2255's "savings clause."

[2] [3] Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of ... detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. "It has long been the rule of this circuit that 'the remedy by motion [under § 2255] can be "inadequate or ineffective to test the legality of ... detention" only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' " *United States v. Brooks,* 230 F.3d 643, 648 (3d Cir.2000) (citing *United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 684 (3d Cir.1954)); *see also Application of Galante,* 437 F.2d 1164, 1165 (3d Cir.1971) (per curiam) (same). It is the petitioner's burden to prove that the remedy afforded by § 2255 is inadequate or ineffective. *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir.2001) (citing *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir.2000)).

This Court in *Brown* further stated:

> A petitioner cannot meet this burden by showing that a prior § 2255 motion has been denied. *In re Davenport,* 147 F.3d 605, 608 (7th Cir.1998); *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 565 (1988); *Litterio v. Parker,* 369 F.2d 395, 396 (3d Cir.1966) (per curiam). Moreover, the limitations on obtaining relief under § 2255 imposed by the AEDPA do not establish the inadequacy or ineffectiveness of the remedy. *See United States v. Barrett,* 178 F.3d 34, 50 (1st Cir.1999)("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); *Davenport,* 147 F.3d at 608 ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive § 2255 motions. The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under § 2255, his remedy under that section is inadequate and he may turn to § 2241. That can't be right; it would nullify the limitations."); *Dorsainvil,* 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petition to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."). Thus, a denial of permission to file a successive § 2255 motion, in itself, does not render § 2255 relief ineffective or inadequate. *See Moore v. Reno,* 185 F.3d 1054, 1055 (9th Cir.1999) (per curiam) (concluding that a habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255), *cert. denied,* 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).

*Id.* at 756-727.

In support of his efforts to have his Petition heard as a § 2241, the Petitioner argues that, although he filed a motion under 28 U.S.C. § 2255, he is not procedurally barred from filing his

present habeas Petition since he raises claims of an unconstitutional jury pool in violation of his Sixth Amendment right, and since he filed a previous § 2255 motion but could not raise this claim as he did not have the census statistics at that time to support the claim. Petitioner also seemingly asserts that §2241 is the only vehicle to now raise his jury challenge since after he received his census statistics, he filed Rule 60(b) motion with the Trial court but it was denied.

Thus, we construe Petitioner to argue that a § 2255 motion provides an inadequate remedy to raise his fair cross-section of the community jury claim since he previously filed such a motion and could not raise his present claim since he lacked the necessary statistical information at that time. Petitioner states that now that he has the census statistics he can support his claim, and seeks this Court to conduct an evidentiary hearing in order for him to do so. We find Petitioner's claim as to the inadequacy of § 2255 to be unavailing, and find that his Petition should be dismissed. In fact, Petitioner does not contend that he could not raise his claim in a § 2255 since this was not the proper remedy, rather he contends that he already filed a § 2255 motion and could not raise his claim because he lacked the census statistics at that time to support his claim. Now that Petitioner has his statical information, he should file a motion with the appeals court to seek permission to file a successive § 2255 motion as he was advised by the Rhode Island District Court.[9] While the Petitioner may demonstrate a personal inability to utilize the Section 2255 remedy since he previously filed one and did not yet obtain permission for the First Circuit Court of Appeals to file a successive § 2255 motion, he does not establish the inadequacy or ineffectiveness of the

---

[9]Also, as stated, our Petitioner did not file a request for certificate of appealability with the First Circuit Appeals Court after he received the census statistics and the District Court denied his Rule 60(b) motion. (Doc. 3, p. 5).

remedy itself.  S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.")**.**

      We find that this Petition should be dismissed for lack of jurisdiction without directing service of it on Respondent.

### III. Recommendation.

Based upon the foregoing, it is respectfully recommended that the Petition be dismissed.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWIT**
        **United States Magistrate Judge**

**Dated: April 13, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIOVANNI LARA, | : | CIVIL ACTION NO. **4:CV-06-0650** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewit) |
| | : | |
| JOSEPH SMITH, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **April 13, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ **Thomas M. Blewit**
                                                **THOMAS M. BLEWIT**
                                                **United States Magistrate Judge**

**Dated: April 13, 2006**