IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GIOVANNI LARA, | : | No. 4:06-CV-650 |
| Petitioner, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| JOSEPH SMITH, | : | |
| Respondent. | : | |

**O R D E R**

May 9, 2006

Petitioner Giovanni Lara is presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). Petitioner is serving a life sentence after a jury found him guilty of carjacking and other crimes stemming from his involvement with the Providence, Rhode Island chapter of the Almighty Latin King Nation. In a seventeen-page opinion, the United States Court of Appeals for the First Circuit affirmed petitioner's sentence and concluded that "[a] painstaking review of this amplitudinous record reveals that the appellants were convicted by a properly constituted jury after a full and fair trial, free from reversible error, before a judge who exhibited extraordinary care and patience." United States v. Lara, 181 F.3d 183, 206 (1st Cir. 1999).

On March 29, 2006, petitioner filed pro se[1] the instant petition for a writ of habeas corpus with accompanying memorandum of law pursuant to 28 U.S.C. § 2241.  Petitioner argues that he was denied his right to due process as guaranteed by the Fifth Amendment to the United States Constitution, and denied his Sixth Amendment right to effective assistance of counsel.  The main thrust of the petition is that Lara was denied grand and petit juries that represented a fair cross-section of the Rhode Island community in which he was tried and ultimately convicted.

The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt, who prepared a seventeen-page report and recommendation.  (Rec. Doc. No. 8.)  Magistrate Judge Blewitt concluded that the § 2241 petition should be dismissed, as the remedy for petitioner is to file a motion with the United States Court of Appeals for the First Circuit requesting a certificate to file a second or successive motion under 28 U.S.C. § 2255.  (Rec. Doc. No. 8.)

On April 30, 2006, petitioner sent his objections to the report and recommendation.  (Rec. Doc. No. 9.)  These are mostly a rehashing of the arguments set forth in the memorandum of law filed in support of his petition.

---

[1]  As a matter of course we liberally construe the pleadings of a pro se petitioner to do substantial justice.  United States v. Garth, 188 F.3d 99, 108 (3d Cir. 1999).

(Compare Rec. Doc. No. 9, at 3-4, with Rec. Doc. No. 3, at 2-3) (arguing that a motion under § 2255 would be futile). Lara does add in his objections that he filed a § 2255 motion with the First Circuit, and that the Court of Appeals denied his motion. (Rec. Doc. No. 9, at 3.) However, "§ 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under AEDPA." Wills v. Smith, No. 05-3336, 2006 WL 1080703, at *2 (3d Cir. Apr. 25, 2006).

For all of the reasons set forth by the magistrate judge, we will adopt the report and recommendation in full, and dismiss the petition.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt is approved and adopted in full. (Rec. Doc. No. 8.)

2. Giovanni Lara's petition for a writ of habeas corpus is dismissed. (Rec. Doc. No. 1.)

3. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Court